UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DEMETRIUS THOMAS,<br>    Petitioner,<br>    v.<br>WILLIAM MUNIZ, Warden,<br>    Respondent. | Case No. 15-05783 HRL (PR)<br>**ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has paid the filing fee.

## BACKGROUND

According to the petition, Petitioner was found guilty of second degree murder with a gun enhancement by a jury in Alameda County Superior Court. (Pet. at 1-2.) Petitioner was sentenced on November 2, 2013, to 15 years-to-life, along with an enhancement of 25 years-to-life, in state prison. (Id.)

Petitioner asserts that he appealed his conviction to the state appellate court and then to the state high court. (Pet. at 2-3.)

Petitioner filed the instant federal habeas petition on December 17, 2015.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

### B. Legal Claims

Petitioner claims he is entitled to federal habeas relief based on the following grounds for ineffective assistance of counsel: (1) counsel failed to present evidence that Petitioner was elsewhere at the time of the murder as promised in his opening statement; (2) counsel opened the door to damaging evidence by placing Petitioner's character at issue; (3) counsel failed to object to highly prejudicial evidence; (4) counsel failed to challenge inadmissible cell tower evidence; (5) counsel failed to object to erroneous instructions; and (6) counsel lied to Petitioner about his extensive record of misconduct and discipline in earlier cases. (Pet. at 5.) Liberally construed, Petitioner's allegations are sufficient to state a denial of his Sixth Amendment right to counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by mail a copy of this order and the petition (Docket No. 1) and all attachments thereto, as well as a magistrate judge jurisdiction consent form, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. At that time, Respondent shall also return the magistrate judge jurisdiction consent form.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: 5/20/16

HOWARD R. LLOYD
United States Magistrate Judge

Order to Show Cause
P:\PRO-SE\HRL\HC.15\05783Thomas_osc