UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DEMETRIUS THOMAS, Petitioner, v. WILLIAM MUNIZ, Respondent. | Case No. 15-cv-05783-JD <br><br> **ORDER GRANTING MOTION TO DISMISS IN PART** <br> Re: Dkt. No. 10 |

Ronald Thomas, a pro se state prisoner, has brought a habeas petition under 28 U.S.C. § 2254. The Court ordered respondent to file an answer on the following claims that counsel was ineffective: (1) counsel failed to present evidence that Thomas was elsewhere at the time of the murder as promised in his opening statement; (2) counsel opened the door to damaging evidence by placing Thomas' character at issue; (3) counsel failed to object to highly prejudicial evidence; (4) counsel failed to challenge inadmissible cell tower evidence; (5) counsel failed to object to erroneous instructions; and (6) counsel lied to Thomas about his extensive record of misconduct and discipline in earlier cases. Respondent has filed a motion to dismiss on the grounds that claims three, four, five and six are unexhausted. Respondent concedes that claims one and two are exhausted.

**EXHAUSTION**

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v.*

1   *Greer*, 481 U.S. 129, 133-34 (1987).  Petitioner has the burden of pleading exhaustion in his or her

2   habeas petition.  *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

3         A petitioner fully and fairly presents a claim to the state courts, "if he presents the claim

4   (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal

5   basis for the claim.  Full and fair presentation additionally requires a petitioner to present the

6   substance of his claim to the state courts, including a reference to a federal constitutional

7   guarantee and a statement of facts that entitle the petitioner to relief."  *Scott v. Schriro*, 567 F.3d

8   573, 582 (9th Cir. 2009) (citations omitted).

9         Thomas has filed a response and concedes that claims three, four, five and six were not

10  exhausted.  He seeks to strike those claims and proceed on claims one and two.  Thomas' request

11  will be granted; however, the Court also informs him that he may choose to proceed by filing a

12  motion to stay pending the exhaustion of the unexhausted claims in state court. [1]

13        In *Rhines v. Weber*, 544 U.S. 269 (2005) the United States Supreme Court found that a

14  stay and abeyance of a mixed federal petition should be available only in the limited circumstance

15  that good cause is shown for a failure to have first exhausted the claims in state court, that the

16  claim or claims at issue potentially have merit, and that there has been no indication that petitioner

17  has been intentionally dilatory in pursuing the litigation.  *Rhines*, *supra*, at 277-78.

18        If petitioner wishes to stay this action, he shall file a motion addressing the *Rhines* factors.

19  In the alternative, petitioner may file a motion for a stay pursuant to the three-step procedure

20  outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003)[2] and *King v. Ryan*, 564 F.3d 1133 (9th

21  Cir. 2009).  A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non capital habeas corpus petitions in federal court.  In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

[2] Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly exhausted claims to the original petition."  *King v. Ryan*, 564 F.3d at 1134 (citing *Kelly*, 315 F.3d at 1070-71).

to show good cause, as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts," and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43 (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the *Kelly* three-part procedure, but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing). However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.

**CONCLUSION**

1. Respondent's motion to dismiss (Docket No. 10) is **GRANTED IN PART** in that the unexhausted claims are dismissed.

2. If petitioner wishes to stay the petition while he exhausts the unexhausted claims he must file a motion for a stay by **December 20, 2016**. If petitioner only wishes to proceed with the two exhausted claims, claims one and two, he does not need to do anything.

3. If petitioner files a motion to stay, respondent need not do anything until instructed by the Court.

4. If petitioner elects to proceed with the exhausted claims, respondent shall file with the Court and serve on petitioner, within ninety (90) days of **December 20, 2016**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely

3

fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  November 16, 2016

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD DEMETRIUS THOMAS,

    Plaintiff,

v.

WILLIAM MUNIZ,

    Defendant.

Case No. 15-cv-05783-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 16, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald Demetrius Thomas ID: AN0774
Salinas Valley State Prison-Facility C 71266
P.O. Box 1050
Soledad, CA 93960

Dated: November 16, 2016

Susan Y. Soong
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

5